José S. Aybar, peticionario, *v.* La Corte de Distrito de San Juan, Hon. C. Llauger Díaz, Juez, demandada.

No. 785.—*Sometido:* Julio 13, 1931. *Resuelto:* Julio 28, 1931.

*Angel A. Vázquez,* abogado del peticionario; *Luis Vizcarrondo,* abogado de la persona subrogada en los derechos del acreedor ejecutante en el procedimiento sumario.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

El peticionario en este caso alega que por razón de un crédito hipotecario por quinientos dólares de capital, sus intereses, y un crédito adicional de cien dólares para costas y gastos y honorarios, constituído por el peticionario y su esposa a favor de Juan Alejandro Gutiérrez en escritura pública, inició Gutiérrez un procedimiento sumario hipotecario para el cobro, en cuyo procedimiento se dictó un auto de requerimiento que se diligenció en el peticionario y su esposa; que con posterioridad a la iniciación de ese procedimiento, Gutiérrez, por escritura pública, cedió su crédito hipotecario a Francisco J. Torres, quien presentó a la corte moción para que se dictara sentencia de remate por no haber pagado el peticionario y su esposa las sumas antes mencionadas, dentro del plazo de treinta días que en el requerimiento se le concedió, y la corte decretó el remate de los bienes; que antes del día señalado para là subasta, compareció en el procedimiento sumario hipotecario la Srta. Ella Woods, alegando que era acreedora del deudor, ahora peticionario, y que habiendo sido notificada del procedimiento sumario, consignaba ante la corte los seiscientos dólares importe del capital, intereses y costas del crédito hipotecario, y pedía se le subrogara en los derechos del demandante Torres; que de esa consignación no se notificó al peticionario ni a su esposa, y que la corte declaró la consignación bien hecha sin notificar al peticionario; que éste solicitó de la corte que reconsiderara la

orden en que se declaró la consignación bien hecha y a Ella Woods subrogada en los derechos y acciones de Torres, y que fundó tal petición de reconsideración en que la orden de requerimiento de pago no contenía la prevención estatutoria de lo que habría de ocurrir al peticionario si en el término de treinta días no pagaba las cantidades reclamadas, y en que la subrogación en favor de Ella Woods era convencional y no constaba en escritura pública, ni en el registro, ni se le había notificado al peticionario; que tal moción fué denegada en cuanto al extremo segundo, y declarada con lugar en cuanto al primer extremo, o sea, el de la orden de requerimiento, y el peticionario apeló para ante este Tribunal Supremo; que en 17 de abril de 1931, Ella Woods, en su carácter de subrogada, presentó moción a la corte solicitando se expidiera nuevo auto de requerimiento de pago, pero sin acompañar escritura pública de subrogación, ni certificación de cargas de la finca hipotecada, expedida por el registro de la propiedad; y que la corte, en 21 de abril, dictó nueva orden de requerimiento al peticionario y su esposa para que dentro del término de treinta días pagaran a Ella Woods los $500 importe de la obligación principal, los intereses legales y los $100 asignados para costas, y este auto de requerimiento se diligenció como el anterior, pero el peticionario y su esposa presentaron a la corte moción de reconsideración que fué impugnada por escrito, y denegada por el juez. Y alega ahora que el auto de requerimiento de pago infringe el artículo 145 de la Ley Hipotecaria, porque en la inscripción sólo quedó asegurado el interés del préstamo por un año, que era el plazo del contrato, y se requirió al peticionario y a su esposa a pagar intereses legales desde el 20 de marzo de 1929, por lo que el auto es nulo, puesto que ordena el pago de cantidades no garantizadas por la hipoteca; que ese auto fué dictado a virtud de moción no notificada al peticionario, radicada por Ella Woods, que no tiene personalidad legal en ese proceso, por-

que su subrogación está mal hecha; que habiéndose apelado por el peticionario, la orden en que se denegó la moción sobre nulidad de subrogación de Ella Woods, ésta no puede hacer gestión alguna en dicho procedimiento sumario, y que lo hecho y resuelto por la corte con motivo del auto de requerimiento de abril de 1931 es ilegal y nulo y fuera de sus facultades.

Alegó también el peticionario que no tenía otro recurso rápido y eficaz que no fuera el de *certiorari*.

Expedido el auto y enviado el *return,* la representación de Ella Woods se opuso e impugnó la petición.

Ahora, resolviendo en cuanto a este caso, entendemos que, dado el precepto del sexto párrafo del inciso tercero del artículo 175 del Reglamento de la Ley Hipotecaria, el remedio de certiorari no es el propio. Tal precepto de la ley dice así:

"Todas las demás reclamaciones que puedan formular, así el deudor como los terceros poseedores y los demás interesados, incluso las que versaren sobre nulidad del título o de las actuaciones, o sobre vencimiento, certeza, extinción o cuantía de la deuda, se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo . . . "

Si las actuaciones resultaren nulas por los actos de la ejecutante, ésta tendrá en su propia negligencia o su propia tenacidad el castigo de la nulidad en el futuro, mediante un procedimiento adecuado.

*Por tales razones, debe anularse el auto expedido y devolverse el récord a la corte inferior para que continúe conociendo del caso.*